UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DETLEF KREHER,

         Plaintiff,

   v.

YUBA COUNTY SUPERIOR COURT;
COUNTY OF YUBA; THIRD
DISTRICT COURT OF APPEAL OF
THE STATE OF CALIFORNIA;
ALANA ADAMS and DOES 1 to
100,

         Defendants.

No.  CIV. S-14-962 LKK/EFB

**ORDER**

    Plaintiff Detlef Kreher is proceeding through counsel with this action pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants Yuba County Superior Court Clerk Alana Adams, Yuba County Superior Court, County of Yuba (County), and Third District Court of Appeal of the State of California (Third District Court of Appeal) violated his federal constitutional rights to due process and access to the courts.  Plaintiff also raises a state law claim.

On May 28, 2014, defendants Yuba County Superior Court, Third District Court of Appeal, and Alana Adams (hereafter "court defendants") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 5).  On June 9, 2014, defendant County filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 6).  On June 19, 2014, plaintiff filed an opposition to the motion filed by the court defendants (ECF No. 10).  Plaintiff has not filed an opposition to the motion filed by the County.  On June 26, 2014, the court defendants filed a reply (ECF No. 12).

The motions are noticed for hearing on July 7, 2014 before the undersigned.  Good cause appearing, the motions are taken under submission on the papers and resolved without oral argument.  See Local Rule 230(g) (E.D.Cal.)

**I.  ALLEGATIONS OF THE COMPLAINT**

Plaintiff's complaint, filed April 18, 2014 (ECF No. 1), contains the following allegations.  On or about January 30, 2009, plaintiff filed a lawsuit in the Yuba County Superior Court seeking money damages arising out of a vehicle collision. Complaint (ECF No. 1) at 3.  On January 19, 2011, the Yuba County Superior Court granted a motion for summary judgment against plaintiff and entered judgment.  Id.  On January 28, 2011, plaintiff timely filed a notice of appeal.  Id.

On September 15, 2011, following an unsuccessful appellate mediation, plaintiff timely filed a designation of record in the Yuba County Superior Court.  Id.  Plaintiff stipulated with the respondent in the state court action "to use the original superior court file under California Rules of Court Rule 8.128." Id. at 3-4.  On September 16, 2011, plaintiff's counsel spoke

2

1    with defendant Alana Adams, "who assured Plaintiff's counsel that

2    the original superior court file would be sent to the Third

3    District Court of Appeal." Id. at 4.  Plaintiff paid the fees

4    and costs, but defendant Adams did not include the original

5    superior court file when she sent the record to the Third

6    District Court of Appeal.  Id.

7         On February 7, 2013, after filing the opening brief

8    plaintiff's counsel discovered that defendant Adams had not sent

9    the superior court file to the court of appeal.  Id.  On February

10   11, 2013, plaintiff's counsel moved to strike the clerk's

11   transcript and for an order requiring defendant Adams to provide

12   the Third District Court of Appeal with the original superior

13   court file.  Id.  On February 13, 2013, the respondent in the

14   state court action moved to dismiss the appeal based on an

15   inadequate record and insufficient citations in the opening

16   brief.  Id.   On February 27, 2013, plaintiff filed an

17   opposition to the motion, noting the February 11, 2013 motion.

18   Id.

19        On March 7, 2013, the Third District Court of Appeal denied

20   plaintiff's February 11, 2013 motion and dismissed the appeal.

21   Id.  On March 25, 2013, plaintiff filed a petition for rehearing

22   in the Third District Court of Appeal.  Id.  Therein, plaintiff

23   argued that the inadequate record was due to defendant Adams'

24   failure to perform her duty to transmit the original file to the

25   court of appeal and that the time to file the opening brief had

26   not commenced under court rules because the record had never

27   actually been filed in the court of appeal.  Id. at 5.  On March

28   29, 2013, the Third District Court of Appeal denied the petition

1  for rehearing.  _Id._  Neither defendant Adams nor defendant Yuba

2  County Superior Court ever provided notice to plaintiff or

3  plaintiff's counsel that the record had not been properly sent to

4  the court of appeal.  _Id._

5      Defendant Adams failed to transmit the record as specified

6  by plaintiff and required under California Rules of Court 8.128,

7  and she, the Yuba County Superior Court, and the County of Yuba

8  are liable for this failure.  _Id._  They also are liable for

9  defendant Adams' violation of California Rules of Court Rule

10  8.140(a), which requires the clerk to notify by mail any party

11  who "fails to timely do an act required to procure the record"

12  that it must do the necessary act within fifteen days.  _Id._ at 6.

13  The Third District Court of Appeal violated California Rule of

14  Court 8.140(b) by dismissing the appeal.  _Id._ at 7.

15      Plaintiff claims the foregoing violated his right to due

16  process and his First Amendment right to access the courts.

17  Plaintiff claims that he "has suffered injury, loss, and damage

18  in that his valid appeal was dismissed" resulting "in the loss of

19  his valid claim for money damages" in the underlying state court

20  action.  _Id._ at 8.  Plaintiff also raises a claim against

21  defendant Yuba County Superior Court for negligent hiring,

22  training, supervision, and retention.  _Id._ at 9.

23      Plaintiff seeks general damages, special damages,

24  attorneys' fees, prejudgment interest, and costs.  Plaintiff has

25  also demanded a jury trial.

26  **II.  STANDARDS FOR A RULE 12(B)(6) MOTION TO DISMISS**

27      A dismissal motion under Fed. R. Civ. P. 12(b)(6) challenges

28  a complaint's compliance with the federal pleading requirements.

1    Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short

2    and plain statement of the claim showing that the pleader is

3    entitled to relief."   The complaint must give the defendant

4    "'fair notice of what the ... claim is and the grounds upon which

5    it rests.'"   Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)

6    (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

7         To meet this requirement, the complaint must be supported by

8    factual allegations.   Ashcroft v. Iqbal, 556 U.S. 662, 678

9    (2009).   Moreover, this court "must accept as true all of the

10   factual allegations contained in the complaint."   Erickson v.

11   Pardus, 551 U.S. 89, 94 (2007).

12        "While legal conclusions can provide the framework of a

13   complaint," neither legal conclusions nor conclusory statements

14   are themselves sufficient, and such statements are not entitled

15   to a presumption of truth.   Iqbal, 556 U.S. at 679.   Iqbal and

16   Twombly therefore prescribe a two-step process for evaluation of

17   motions to dismiss.   The court first identifies the non-

18   conclusory factual allegations, and then determines whether these

19   allegations, taken as true and construed in the light most

20   favorable to the plaintiff, "plausibly give rise to an

21   entitlement to relief."   Iqbal, 556 U.S. at 679.

22        "Plausibility," as it is used in Twombly and Iqbal, does not

23   refer to the likelihood that a pleader will succeed in proving

24   the allegations.   Instead, it refers to whether the non-

25   conclusory factual allegations, when assumed to be true, "allow[

26   ] the court to draw the reasonable inference that the defendant

27   is liable for the misconduct alleged."   Iqbal, 556 U.S. at 678.

28   "The plausibility standard is not akin to a 'probability

                                    5

1   requirement,' but it asks for more than a sheer possibility that

2   a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.

3   at 557).   A complaint may fail to show a right to relief either

4   by lacking a cognizable legal theory or by lacking sufficient

5   facts alleged under a cognizable legal theory.   Balistreri v.

6   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

7   **III.   ANALYSIS**

8       As noted above, on June 9, 2014, the County of Yuba filed a

9   motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]

10  Plaintiff has not opposed the County's motion.   Accordingly, the

11  motion will be granted.

12      In addition, in his opposition to the court defendants'

13  motion to dismiss plaintiff concedes that the Eleventh Amendment

14  bars his claims against the Yuba County Superior Court and the

15  Third District Court of Appeal and agrees to dismissal of those

16  claims.   Pls.' Opp. to Defs.' Mot. to Dism. (ECF No. 10) at 1.[2]

17  That will be the order.

18      Remaining for resolution by the court is the motion to

19  dismiss the two constitutional claims against Alana Adams.[3]

20  Plaintiff sues defendant Adams in her official capacity.   See

21  Complaint (ECF No. 1) at 2.   Defendants have not asserted

22  _____

23  [1] In the motion, the County contends that it has not been served with the
    complaint.   Mem. of County of Yuba in Support of Mot. Dism. (ECF No. 6-1) at

24  1.   The County expressly states that it is not waiving the defense of
    insufficient service of process but does not seek dismissal on that basis.

25  Id. at 1-2.

26  [2] Plaintiff's concession is entirely appropriate.   California's courts are an
    "arm of the state" protected by Eleventh Amendment immunity.   Franceschi v.

27  Schwartz, 57 F.3d 828, 831 (9th Cir. 1995).

28  [3] Plaintiff's third cause of action is solely against the Yuba County Superior
    Court.

1   Eleventh Amendment immunity as a defense to the claims against

2   defendant Adams and plaintiff asserts that the Eleventh Amendment

3   does not bar those claims.  However, "[t]he eleventh amendment is

4   a limitation on federal subject-matter jurisdiction. Even when

5   neither party has raised an objection to a federal court's

6   subject-matter jurisdiction, the court has an obligation to

7   consider the issue sua sponte, and to consider it fully." Demery

8   v. Kupperman, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984) (citing

9   Chicago, Burlington and Quincy Railway Co. v. Willard, 220 U.S.

10  413, 418-22, 31 S.Ct. 460, 461-63, 55 L.Ed. 521 (1981)).

11       Plaintiff alleges that "[a]t all times herein relevant,

12  defendant Alana Adams was the Clerk of the Yuba County Superior

13  Court, and was acting in that capacity and under color of state

14  law.  In her position as Court Clerk, Alana Adams. [Sic]

15  Defendant Alana Adams is sued herein in her official capacity."

16  The Eleventh Amendment bars claims for money damages against

17  state officers sued in their official capacity.  See Jackson v.

18  Hayakawa, 682 F.2d 1344, 1350 (9th Cir. 1982)(citations

19  omitted)("Eleventh Amendment immunity extends to actions against

20  state officers sued in their official capacities because such

21  actions are, in essence, actions against the government entity of

22  which the officer is an agent"); see also Pena v. Gardner, 976

23  F.2d 469, 473 (9th Cir. 1992)(citation omitted)("An official sued

24  in his official capacity has the same immunity as the state, and

25  is entitled to eleventh amendment immunity.")  Consequently,

26  plaintiff's claims against defendant Adams in her official

27  capacity are barred by the Eleventh Amendment and will be

28  dismissed for that reason.

1    Plaintiff's decision to sue defendant Alana Adams in her

2  official capacity and the Eleventh Amendment bar to such suit may

3  be dispositive of the motion at bar.  Cf. Eaglesmith v. Ward, 73

4  F.3d 857, 859-860 (9th Cir. 1995) (suit against Superintendent of

5  Schools found to be official capacity suit where parties had

6  stipulated that Superintendent, in his official capacity, would

7  be only defendant remaining after dismissal of other defendants

8  and stipulation was expressly conditioned on inclusion of the

9  phrase "in his official capacity"; suit barred by Eleventh

10  Amendment, and amendment to change capacity denied as untimely).

11  In an abundance of caution, the court considers whether plaintiff

12  has also pled a personal capacity claim against defendant Adams.

13    The United States Court of Appeals for the Ninth Circuit has

14  held that allegations that an individual state employee, acting

15  under color of state law, violated a plaintiff's constitutional

16  rights is sufficient to state a claim against the state employee

17  in his or her personal capacity.  See Romano v. Bible, 169 F.3d

18  1182, 1185-86 (9th Cir. 1999).  The Eleventh Amendment does not

19  provide immunity for such claims.  Id. at 1185.  Plaintiff's

20  complaint alleges that defendant Adams, acting under color of

21  state law, violated plaintiff's rights to due process and court

22  access.  To the extent these allegations are sufficient to give

23  rise to personal capacity claims, they are not barred by the

24  Eleventh Amendment.  They are, however, barred by the doctrine of

25  quasi-judicial immunity.

26    "Court clerks have absolute quasi-judicial immunity from

27  damages for civil rights violations when they perform tasks that

28  are an integral part of the judicial process."  Mullis v. U.S.

1  Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th

2  Cir. 1987).  "[A] mistake or an act in excess of jurisdiction

3  does not abrogate judicial immunity, even if it results in 'grave

4  procedural errors.'"  Id. (quoting Stump v. Sparkman, 435 U.S.

5  349, 359 (1978)).  Transmitting records to an appellate court is

6  an integral part of the judicial process.  Plaintiff's claims are

7  based on allegations that defendant Adams committed errors in

8  performing this integral task, and he seeks only money damages.

9  Even assuming arguendo that plaintiff's allegations were

10  sufficient to state one or more claims for violation of his

11  constitutional rights against defendant Adams in her personal

12  capacity, a finding this court does not make, defendant Adams is

13  entitled to absolute quasi-judicial immunity from liability on

14  such claims.[4]

15      For all of the foregoing reasons, IT IS HEREBY ORDERED that:

16      1.  The hearing set for July 7, 2014 is vacated;

17      2.  The May 28, 2014 request for judicial notice by

18  defendants Yuba County Superior Court, Third District Court of

19  Appeals for the State of California, and Alana Adams (ECF No. 5-

20  2) is denied;

21      3.  The May 28, 2014 motion to dismiss by defendants Yuba

22  County Superior Court, Third District Court of Appeals of the

23  State of California, and Alana Adams (ECF No. 5) is granted;

24      4.  The June 9, 2014 motion to dismiss by defendant County

25  of Yuba (ECF No. 6) is granted; and

26  ───────────────
[4] Defendants have included with their motion a request for judicial notice of
records from the state court proceedings.  Because it is apparent that all
27  defendants are immune from liability in this action, the court declines to
consider evidence outside the scope of the pleadings.  Defendants' request for
28  judicial notice is therefore denied.

1    5.  This action is dismissed.

2    DATED:  July 2, 2014.

6    _____
7    LAWRENCE K. KARLTON
     SENIOR JUDGE
8    UNITED STATES DISTRICT COURT